UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDNA SIMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOC SECURITY AGENCY, INC, ) <br> Defendant. ) <br> ) <br> ) <br> ) | Case: 1:23-cv-02573 <br><br><br> Jury Trial Demanded |

## COMPLAINT

**NOW COMES** Plaintiff, Edna Sims ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against SOC Security Agency, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sexual harassment based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (Attached hereto as Exhibit "A").

6. Notification of the Right to Sue was received from EEOC on or about March 31, 2023. (Attached hereto as Exhibit "B").

7. This Complaint has been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for Cook County, whose address is 7625 S. Cottage Grove Avenue, Suite 2, Chicago, Illinois 60619.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Security Officer from February 2021 through September 29, 2022.

13. Since at least February 2021, Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

14. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

15. Plaintiff was unlawfully terminated because of her sex and her reporting of sexual harassment.

16. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

17. Shortly after beginning her employment with Defendant, Plaintiff started being sexually harassed by her coworker "Leon."

18. Initially, Leon gave Plaintiff a hate that said "sexy." Plaintiff immediately informed Leon she was not interested in his advances and requested they stop.

19. Despite this, Leon continued to make unwanted sexual advances toward Plaintiff.

20. Plaintiff repeatedly told Leon to stop to no avail.

21. In or around September 2022, Plaintiff reported the constant sexual harassment to her supervisor "Lucile." Lucile failed to investigate Plaintiff's complaint or take any remedial action, telling Plaintiff "that is just the way Leon is."

22. Shortly thereafter, around September 29, 2022, Plaintiff was terminated for a car

allegedly being stolen off the lot Plaintiff was supervising with an open gate that allegedly should have been closed. However, this termination was entirely pre-textual, as the car was allegedly "stolen" before the gate needed to be closed and the "stolen" vehicle was found shortly after Plaintiff's termination. The true reason for Plaintiff's termination was her reporting of sexual harassment.

23. Plaintiff is able to show that she participated in protected activity under Title VII and that Defendant retaliated against her for doing so.

24. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

25. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

26. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

## COUNT I
**Sex-Based Harassment in Violation of Title VII of
the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

27. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

28. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

29. Defendant knew or should have known of the harassment.

30. The sexual harassment was severe or pervasive.

31. The sexual harassment was offensive subjectively and objectively.

32. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

33. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
**Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.***

34. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

35. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

36. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sex discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

37. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

38. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

39. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

40. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless

5

violation of Title VII.

41. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT III
### Demand for Relief for Retaliatory Discharge

42. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

43. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

44. Illinois common law recognizes a cause of action for retaliatory discharge.

45. Plaintiff's employment was constructively terminated by the Defendant.

46. Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of reporting the illegal activity.

47. The termination of Plaintiff's employment violates a clear mandate of public policy.

48. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Pre-judgment and post-judgment interest;

  f.  Injunctive relief;

  g.  Liquidated damages;

  h.  Punitive damages;

  i.  Reasonable attorney's fees and costs; and

  j.  For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 25th Day of April, 2023.

             /s/ *Alexander J. Taylor*
             **Alexander J. Taylor, Esq.**
             SULAIMAN LAW GROUP LTD.
             2500 S. Highland Avenue, Suite 200
             Lombard, Illinois 60148
             Phone (331) 272-1942
             Fax (630) 575 - 8188
             E-mail: ataylor@sulaimanlaw.com
             *Attorney for Plaintiff*